

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*Nemours Building*  (302) 573-6277
*1007 Orange Street, Suite 700*  *FAX (302) 573-6220*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

May 7, 2007

The Honorable Joseph J. Farnan, Jr.
United States District Court Judge
District of Delaware
844 King Street
Wilmington, DE 19801

    Re:   **United States v. Jonathan S. Johnson**
           **Criminal Action No.  06-74-JJF**

Dear Judge Farnan:

    The defendant has agreed to change his plea pursuant to the enclosed Memorandum of Plea Agreement. The parties respectfully request that the Court schedule a Change of Plea hearing with counsel. An original, executed Memorandum will be submitted at the Change of Plea hearing.

                                      Respectfully submitted,

                                      COLM F. CONNOLLY
                                      United States Attorney

                              BY: _____
                                    Ilana H. Eisenstein
                                    Assistant United States Attorney

Enclosure

cc:    Raymond Radulski, Esquire
        Clerk, U.S. District Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action No. 06-74-JJF |
| | ) | |
| JONATHAN S. JOHNSON | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorney, Ilana H. Eisenstein, Assistant United States Attorney for the District of Delaware, and the defendant, Jonathan Johnson, by and through his attorney, Raymond Radulski, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); which carries a maximum sentence of a term of imprisonment of ten years, a fine of $250,000, or both, three years supervised release, and a $100 special assessment.

2. The defendant understands that if there were a trial, the Government would have to prove three elements of the offense – (1) that on or about March 8, 2006, he knowingly possessed a firearm; (2) that he had previously been convicted of a crime punishable by more than one year's imprisonment on or about July 16, 2003; and (3) that the firearm affected interstate commerce, that is, that the firearm had previously crossed state lines.

3. The defendant agrees to forfeit all interests in the firearm and ammunition involved in the violation alleged in Count One of the Indictment, to wit, a Walther model 9 .25 caliber pistol, serial number 435282 and the 4 rounds of .25 caliber ammunition seized from him by police on March 8, 2006. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

4. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or

contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

5. Based on the defendant's conduct to date, and provided that he does not from the time of the guilty plea to the sentencing act inconsistently with acceptance of responsibility, the United States will not oppose a two level reduction for acceptance of responsibility. The United States, however, will not move for an additional one-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b).

6. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

7. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case. The defendant knows that he has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including but not limited to, an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255 – except that the defendant reserves his right to appeal based on a claim that (1) defendant's sentence exceeded the statutory maximum, (2) the sentencing judge erroneously departed upwards from the guidelines range, or (3) his counsel provided ineffective assistance.

8. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises,

representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY<br>United States Attorney

_____    By:_____
Raymond Radulski, Esquire                          Ilana H. Eisenstein
Attorney for Defendant                             Assistant United States Attorney

_____
Jonathan S. Johnson
Defendant

Dated:

**AND NOW**, this _____ day of _____, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Joseph J. Farnan, Jr.
United States District Judge