*Filed in open Court this 16th day of May, 2007.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Criminal Action No. 06-74-JJF |
| JONATHAN S. JOHNSON | ) ) | |
| Defendant. | ) ) | |



**FILED**

**MAY 1 6 2007**

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorney, Ilana H. Eisenstein, Assistant United States Attorney for the District of Delaware, and the defendant, Jonathan Johnson, by and through his attorney, Raymond Radulski, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), which carries a maximum sentence of a term of imprisonment of ten years, a fine of $250,000, or both, three years supervised release, and a $100 special assessment.

2. The defendant understands that if there were a trial, the Government would have to prove three elements of the offense – (1) that on or about March 8, 2006, he knowingly possessed a firearm; (2) that he had previously been convicted of a crime punishable by more than one year's imprisonment on or about July 16, 2003; and (3) that the firearm affected interstate commerce, that is, that the firearm had previously crossed state lines.

3. The defendant agrees to forfeit all interests in the firearm and ammunition involved in the violation alleged in Count One of the Indictment, to wit, a Walther model 9 .25 caliber pistol, serial number 435282 and the 4 rounds of .25 caliber ammunition seized from him by police on March 8, 2006. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

4. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or

be allowed to withdraw his guilty plea on that basis.

5.  Based on the defendant's conduct to date, and provided that he does not from the time of the guilty plea to the sentencing act inconsistently with acceptance of responsibility, the United States will not oppose a two level reduction for acceptance of responsibility. The United States, however, will not move for an additional one-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b).

6.  The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

7.  The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case. The defendant knows that he has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including but not limited to, an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255 – except that the defendant reserves his right to appeal based on a claim that (1) defendant's sentence exceeded the statutory maximum, (2) the sentencing judge erroneously departed upwards from the guidelines range, or (3) his counsel provided ineffective assistance.

8.  It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises,

representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

|  |  |
|---|---|
| _____<br>Raymond Radulski, Esquire<br>Attorney for Defendant | COLM F. CONNOLLY<br>United States Attorney<br><br>By: _____<br>Ilana H. Eisenstein<br>Assistant United States Attorney |
| _____<br>Jonathan S. Johnson<br>Defendant |  |

Dated:

**AND NOW**, this \_\_\_16\_\_\_ day of \_\_\_May_____, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Joseph J. Farnan, Jr.
United States District Judge

4