IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JONATHAN JOHNSON, | ) | |
| | ) | |
| Movant/Defendant, | ) | |
| | ) | |
| v. | ) | Crim. Action No. 06-74-GBW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

**MEMORANDUM**

On May 16, 2007, Movant Johnathan Johnson pled guilty to being a prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). (D.I. 3; D.I. 32; D.I. 46-1 at 2) At the conclusion of the sentencing hearing on October 31, 2007, the Honorable Joseph J. Farnan sentenced Movant to sixty months imprisonment, followed by three years of supervised release. The judgment was entered on December 4, 2007. (D.I. 38) Movant appealed, and the Third Circuit affirmed Movant's judgment of conviction and sentence on December 31, 2008. (*See* D.I. 46-1)

On December 11, 2013, the United States Probation Office submitted a petition to this Court seeking revocation of Movant's supervised release because Movant had tested positive for marijuana. (D.I. 51) At a hearing on January 9,

2014, the Honorable Leonard P. Stark found Movant in violation of the terms of his supervised release. (D.I. 61) As a result, on January 10, 2014, Judge Stark sentenced Movant to five months of imprisonment, to be followed by twelve additional months of supervised release. (D.I. 55) Movant appealed, and the Third Circuit affirmed Movant's sentence on September 17, 2014. (*See* D.I. 62)

On March 4, 2015, the United States Probation Office submitted a petition to this Court seeking revocation of Movant's supervised release because Movant had tested positive for marijuana and had also been arrested in Philadelphia for driving under the influence of marijuana. (D.I. 63) A hearing for revocation of supervised release was held before Judge Stark on April 8, 2015. Judge Stark sentenced Movant on April 14, 2015 to two months of imprisonment. (D.I. 72) Movant did not appeal that sentence.

Seven years later, on August 17, 2022, Movant filed a document titled "Motion To File Out-Of-Time; Permission to File an Untimely Appeal of Suppress[ion] Denial." (D.I. 73) Movant asserts that: (1) his guilty plea was involuntary and unknowing; and (2) defense counsel provided ineffective assistance by failing to advise him of his right to appeal the denial of his suppression motion. (D.I. 73 at 2-4) For relief, he asks the Court to vacate his sentence, set aside his plea, and afford him the opportunity to file an out-of-time

appeal from the denial of his suppression motion.[1] (D.I. 73 at 2-4) On September 13, 2022, Movant filed a second document, titled "Supplemental Demand Relief to Motion to File Out-of-Time Pursuant [to] Rule 45(b)," wherein Movant asserts he wants to "vacate sentence," "withdraw plea and/or set aside," and be granted permission to file an out-of-time appeal with respect to the denial of his suppression motion. (D.I. 74 at 1) Finally, on September 14, 2022 Movant filed copies of two summons requesting responses to his most recent filings; one summons is addressed to the United States Attorney Office, and the other summons is addressed to his former defense counsel. (D.I. 75)

Given the language in the aforementioned documents, it appears that Movant wishes to file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Therefore, unless Movant expressly notifies the Court that he does not wish his filing of August 17, 2022 to be deemed a motion under 28 U.S.C. § 2255, the Court will review the instant Motion as though filed under § 2255.[2]

---

[1] On November 22, 2006, Movant filed a motion to suppress "all evidence taken from the person of [Movant], and/or his premises, by police or Government agents, and all oral or written statements made by [Movant]." (D.I. 20) On March 29, 2007, Judge Farnan granted the motion to the extent Movant requested the "suppression of his statements to the police," and denied the motion to the extent Movant "challenge[d] the evidence obtained from the investigative stop and search incident to his arrest." (D.I. 28)

[2] The Court advises Movant that, if his instant Motion is deemed a § 2255 motion, and if his § 2255 Motion is denied, § 2255 (h) will effectively preclude him from filing a second or subsequent § 2255 motion except in the most unusual of

3

Rule 4 of the Rules Governing Section 2255 Proceedings requires the Court to screen the instant § 2255 Motion and determine whether it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), 28 U.S.C. foll. § 2255. Pursuant to Rule 4, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Motions to vacate sentence under § 2255 are subject to a one-year statute of limitations, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

---

circumstances. *See* 28 U.S.C. § 2255(h); *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999); *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000).

4

The Court's preliminary screening of the instant Motion indicates that the Motion is untimely.³ Section 2255's limitations period, however, is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010). Equitable tolling is only appropriate in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the movant's excusable neglect. *Id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the [movant], but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). An

---

³Movant's sentence for his most recent violation of supervised release was entered on April 13, 2015 (D.I. 72), and he did not appeal. Therefore, the limitations period started to run on April 28, 2015, after the expiration of the fourteen-day appellate period. *See* 28 U.S.C. § 2255(f)(1); *Dodd v. United States,* 545 U.S. 353, 357 (2005) ("In most cases, the operative date from which the limitation period is measured will be . . . the date on which the judgment of conviction becomes final"); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."); *Cochran v. Phelps*, 600 F.Supp.2d 603, 607 (D. Del. 2009) ("in cases involving re-sentencings, the petitioner's judgment becomes final, and AEDPA's limitations period begins to run, from the date on which direct review of a re-sentencing or an amended sentence expires."). Adding one-year to the April 28, 2015 starting date demonstrates that the limitations period expired in April 2016.

extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the [movant's] failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013). Specifically, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon,* 322 F.3d 768, 773 (3d Cir.2003). The burden is on the movant to prove that he has been reasonably diligent in pursuing his rights. *See Urcinoli v. Cathel,* 546 F.3d 269, 277 (3d Cir.2008).

Movant does not explicitly address the issue of timeliness. To the extent the Court should construe Movant's assertion that defense counsel's failure to advise him of his right to appeal the denial of the suppression motion "caus[ed Movant] to lose the right to appeal on time" as an explanation for the untimely filing of his § 2255 Motion, the argument is unavailing. The fact that Movant appealed his underlying conviction in a timely manner casts a significant amount of doubt onto his current assertion regarding defense counsel's alleged failure to advise him about his right to appeal the denial of the suppression motion. Additionally, an appeal is separate and distinct from a § 2255 motion, and Movant has not

explained how defense counsel's failure to advise him about his right to appeal affected his ability to file a timely § 2255 motion.

Nevertheless, in the interest of justice, Movant shall be given an opportunity to show cause why his Motion should not dismissed as untimely under 28 U.S.C. § 2255(f). In his response to this Memorandum and Order, Movant shall state with specificity any facts that may entitle him to equitable tolling of the statute of limitations and why his § 2255 Motion should not be dismissed as time-barred. Based on the foregoing, neither the Government nor Movant's former defense counsel shall respond to Movant's "summons." (*See* D.I. 75) The Court will decide whether a response from the Government and defense counsel is required once it has reviewed Movant's response (if any) to this Memorandum and Order to show cause. An appropriate Order follows.

Dated: September 15, 2022

_____
United States District Judge