IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JONATHAN JOHNSON, | ) | |
| | ) | |
| Movant/Defendant, | ) | |
| | ) | |
| | ) | |
| v. | ) | Crim. Action No. 06-74-GBW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

## MEMORANDUM

On May 16, 2007, Movant Jonathan Johnson pled guilty in this Court to being a prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). (D.I. 3; D.I. 32; D.I. 46-1 at 2)  At the conclusion of the sentencing hearing on October 31, 2007, the Honorable Joseph J. Farnan sentenced Movant to sixty months of imprisonment, followed by three years of supervised release. The judgment was entered on December 4, 2007. (D.I. 38)  Movant appealed, and the Third Circuit affirmed Movant's judgment of conviction and sentence on December 31, 2008. (*See* D.I. 46-1)

On December 11, 2013, the United States Probation Office submitted a petition to this Court seeking revocation of Movant's supervised release because Movant had tested positive for marijuana. (D.I. 51)  At a hearing on January 9,

2014, the Honorable Leonard P. Stark found Movant in violation of the terms of his supervised release. (D.I. 61)  As a result, on January 10, 2014, an Amended Judgment was entered sentencing Movant to five months of imprisonment, to be followed by twelve additional months of supervised release. (D.I. 55)  Movant appealed, and the Third Circuit affirmed Movant's sentence on September 17, 2014. (*See* D.I. 62)

On March 4, 2015, the United States Probation Office submitted a petition to this Court seeking revocation of Movant's supervised release because Movant had tested positive for marijuana and had also been arrested in Philadelphia for driving under the influence of marijuana. (D.I. 63)  A hearing for revocation of supervised release was held before Judge Stark on April 8, 2015.  On April 13, 2015, an Amended Judgment was entered sentencing Movant to two months of imprisonment, with no further term of supervised release to follow. (D.I. 72) Movant did not appeal that sentence.

Seven years later, on August 17, 2022, Movant filed in this Court a document titled "Motion To File Out-Of-Time; Permission to File an Untimely Appeal of Suppress[ion] Denial." (D.I. 73)  In the Motion, Movant asserts that: (1) his guilty plea was involuntary and unknowing; and (2) defense counsel provided ineffective assistance by failing to advise him of his right to appeal the denial of his suppression motion. (D.I. 73 at 2-4)  For relief, he asks the Court to vacate his

2

sentence, set aside his plea, and afford him the opportunity to file an out-of-time appeal from the denial of his suppression motion.[1]  (D.I. 73 at 2-4)  On September 13, 2022, Movant filed a second document, titled "Supplemental Demand Relief to Motion to File Out-of-Time Pursuant [to] Rule 4.5(b)," wherein Movant asserts he wants to "vacate sentence," "withdraw plea and/or set aside," and be granted permission to file an out-of-time appeal with respect to the denial of his suppression motion.  (D.I. 74 at 1)  Finally, on September 14, 2022 Movant filed copies of two summons requesting responses to those filings; one summons is addressed to the United States Attorney, and the other summons is addressed to his former defense counsel.  (D.I. 75)

Given the language in the Movant's aforementioned filings, the Court construed the documents to be a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and, after completing its preliminary screening, determined that the § 2255 motion is untimely.  The Court provided Movant with an opportunity to indicate whether he agreed that he was seeking relief under § 2255 and, if so, to show cause why the motion should not be dismissed as time-

---

[1]On November 22, 2006, Movant filed a motion to suppress "all evidence taken from the person of [Movant], and/or his premises, by police or Government agents, and all oral or written statements made by [Movant]."  (D.I. 20)  On March 29, 2007, Judge Farnan granted the motion to the extent Movant requested the "suppression of his statements to the police," and denied the motion to the extent Movant "challenge[d] the evidence obtained from the investigative stop and search incident to his arrest."  (D.I. 28)

barred.  On October 4, 2022, Movant responded that he was not seeking relief under § 2255 but, instead, he was seeking permission under Federal Rule of Appellate 4(b)(4) to file an out-of-time appeal due to "excusable neglect" or "good cause."[2]  (D.I. 78 at 1)

Given Movant's explicit statement in his Reply, the Court will treat the Motion filed on August 17, 2022 (D.I. 73) and the Supplemental Demand for Relief filed on September 13, 2022 (D.I. 74) as a Motion for an Extension of Time to File an Out-of-Time Appeal ("Motion for an Extension of Time").  Movant asserts his failure to timely file an appeal from the denial of his suppression motion

---

[2]Movant's subsequent filings in this Court reveal that he is no longer in custody pursuant to his 2007 felon-in-possession conviction.  Rather, he is currently in state custody pursuant to his 2017 conviction in the Delaware Superior Court for drug dealing and possession of a firearm during the commission of a felony ("PFDCF").  (*See* D.I. 70 at 2-3); *see also Johnson v. State*, 2020 WL 4730405, at *1 (Del. Super. Ct. Aug. 14, 2020).  Since Movant's sentence for his federal 2007 felon-in-possession conviction had completely expired by the time he filed the instant Motion for an Extension of Time, the Court lacks jurisdiction to consider the instant challenge under 28 U.S.C. § 2255.  *See, e.g., Pileggi v. United States*, 2022 WL 2375166, at *2 (M.D. Pa. June 30, 2022).  Consequently, to the extent the Court preliminarily characterized Movant's August 2022 Motion (D.I. 73) as an untimely § 2255 motion and provided Movant with an opportunity to show cause why the filing should not be summarily dismissed as time-barred (*See* D.I. 76; D.I. 77), the Court notes that it should also have included Movant's failure to satisfy the "in custody" requirement of § 2255(a) as an additional basis for summary dismissal.  Nevertheless, given Movant's explicit contention that he is not seeking § 2255 relief with respect to the August 2022 Motion (D.I. 78 at 1), the Court need not provide Movant with an opportunity to address the jurisdictional defect.

was due to defense counsel's failure to advise him of his appeal rights. (D.I. 73 at 2-3; D.I. 78)

To the extent Movant is requesting an extension of time to file an out-of-time appeal from his original judgment of conviction and sentence entered in 2007, the request is denied. Movant already appealed his 2007 conviction, and the Third Circuit affirmed his conviction and sentence on December 31, 2008. (D.I. 46)

To the extent Movant is requesting an extension of time to file an out-of-time appeal from the most recent Amended Judgment that was entered on April 13, 2015 (D.I. 72), the request is also denied. Pursuant to Federal Rule of Appellate Procedure 4(b)(4), the Court may grant Movant's Motion for an Extension of Time only if it was filed no later than thirty days after the expiration of the fourteen-day time period originally prescribed by Rule 4(b)(1)(A), and Movant shows either excusable neglect or good cause. *See* Fed. R. App. P. 4(b)(4). In this case, the fourteen-day time period to appeal the Court's April 13, 2015 entry of Amended Judgment (D.I. 72) expired on Monday April 27, 2015, and the additional thirty-day window of time permitted under Rule 4(b)(4) expired on May 27, 2015. Since Movant filed the instant request for an extension of time more than seven years

after the May 27, 2015 deadline, the Court will deny the Motion for an Extension

of Time.[3]  An appropriate Order follows.

Dated:  November \|6  , 2022

_____
United States District Court Judge

_____

[3]Even if Movant had timely filed the instant request, the Motion for an Extension
of Time would be denied because Movant has failed to demonstrate excusable
neglect or good cause for his seven-year delay.