IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JONATHAN JOHNSON, ) | |
| ) | |
| Movant/Defendant, ) | |
| ) | |
| ) | |
| v.                                                ) | Crim. Action No. 06-74-GBW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff. ) | |

**MEMORANDUM**

On May 16, 2007, Movant Jonathan Johnson pled guilty in this Court to being a prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). (D.I. 3; D.I. 32; D.I. 46-1 at 2) At the conclusion of the sentencing hearing on October 31, 2007, the Honorable Joseph J. Farnan sentenced Movant to sixty months of imprisonment, followed by three years of supervised release. The judgment was entered on December 4, 2007. (D.I. 38) Movant appealed, and the Third Circuit affirmed Movant's judgment of conviction and sentence on December 31, 2008. (*See* D.I. 46-1)

On December 11, 2013, the United States Probation Office submitted a petition to this Court seeking revocation of Movant's supervised release because Movant had tested positive for marijuana. (D.I. 51) At a hearing on January 9,

2014, the Honorable Leonard P. Stark found Movant in violation of the terms of his supervised release. (D.I. 61) As a result, on January 10, 2014, an Amended Judgment was entered sentencing Movant to five months of imprisonment, to be followed by twelve additional months of supervised release. (D.I. 55) Movant appealed, and the Third Circuit affirmed Movant's sentence on September 17, 2014. (*See* D.I. 62)

On March 4, 2015, the United States Probation Office submitted a petition to this Court seeking revocation of Movant's supervised release because Movant had tested positive for marijuana and had also been arrested in Philadelphia for driving under the influence of marijuana. (D.I. 63) A hearing for revocation of supervised release was held before Judge Stark on April 8, 2015. On April 13, 2015, an Amended Judgment was entered sentencing Movant to two months of imprisonment, with no further term of supervised release to follow. (D.I. 72) Movant did not appeal that sentence.

Seven years later, on August 17, 2022, Movant filed a document titled "Motion To File Out-Of-Time; Permission to File an Untimely Appeal of Suppress[ion] Denial." (D.I. 73) Subsequently, on September 13, 2022, Movant filed a second document, titled "Supplemental Demand Relief to Motion to File Out-of-Time Pursuant [to] Rule 4.5(b)." (D.I. 74) Given the language in these filings, the Court construed the documents to be an untimely motion to vacate, set

aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 76; D.I. 77) The Court also directed the Government and Movant's former defense counsel to not respond to Movant's Motion until ordered to do so by the Court. (D.I. 77 at 2) In response to the Court's Order to Show Cause why the construed § 2255 motion should not be summarily dismissed, Movant explicitly stated that he was not seeking relief under § 2255 but, instead, was asking for an extension of time to file an appeal from his 2007 conviction. (D.I. 78) Given Movant's explicit statement, the Court reviewed the Motion pursuant to Federal Rule of Appellate Procedure Rule 4, and denied his request for an extension of time to file an appeal. (D.I. 81; D.I. 82)

In the interim, on October 7, 2022, Movant filed two separate documents titled "Notice of Declaratory Judgment." (D.I. 79; D.I. 80) In his "Notice of Declaratory Judgment" against the State of Delaware, Movant asks the State to provide a statement concerning its "legal authority" to classify his "non-violent" offense under 18 U.S.C. § 922(g)(1) as a "violent" offense for purposes of Delaware's habitual offender statute, and asserts that he will seek a default judgment and $10,000,000.01 in damages. (D.I. 79 at 3) After the State did not respond to the Notice of Declaratory Judgment within Movant's time-frame,

[1]Movant filed a document titled "Notice of Fault and Opportunity to Cure" (D.I. 84), asserting that, if the State does not cure its failure to respond to his original Notice of Declaratory Judgment within ten days, he wants the Court to vacate his Delaware sentence and dismiss his indictment. (D.I. 84 at 1)

In his "Notice of Declaratory Judgment" against the United States, Movant asks the Government to provide proof that it was authorized to charge and/or indict him with an offense that occurred within the State of Delaware's jurisdiction, and asserts that he will seek a default judgment and possible dismissal of his federal indictment and conviction. (D.I. 80 at 3) After the Government did not respond to the Notice of Declaratory Judgment, Movant filed a document titled "Notice of Fault and Opportunity to Cure" (D.I. 83), asserting that, if the Government does not cure its failure to respond to his original Notice of Declaratory Judgment within ten days, he wants the Court to vacate his federal sentence and dismiss his indictment. (D.I. 83 at 1)

### A. Movant's State Court Proceedings

The following background facts provide information relevant to the Court's characterization of Movant's instant requests for declaratory judgments:

> [In] September 2016, a grand jury indicted [Movant] on multiple drug and weapons related charges. In April 2017, [Movant] pleaded guilty [in the Delaware Superior

---

[1]The Court notes that it did not order the State or the Government to respond to Movant's Notices.

4

> Court] to one count of drug dealing and one count of possession of a firearm during the commission of a felony ("PFDCF"). The State moved to declare [Movant] to be a habitual offender under 11 Del. C. § 4214(d) and that he be sentenced accordingly for the PFDCF offense. After a presentence investigation, the Superior Court granted the habitual-offender motion and sentenced [Movant] as follows: for PFDCF, to twenty-five years [of] incarceration; and for drug dealing, to eight years [of] incarceration, suspended for decreasing levels of supervision. [Movant] did not file a direct appeal.

*Johnson v. State*, 267 A.3d 370 (Table), 2021 WL 4699252, at *1. (Del. Oct. 7, 2021). In February 2019, Movant filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") challenging his 2017 conviction. *See State v. Johnson*, 2020 WL 4746541, at *2 (Del. Super. Ct. Aug. 17, 2020). The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed that decision on October 7, 2021. *See Johnson*, 2021 WL 4699252, at *2. Sometime thereafter, Movant filed a second Rule 61 motion, which the Superior Court denied in March 2022. *See Johnson v. State*, 2022 WL 3695880, at *1 (Del. Aug. 25, 2022). The Delaware Supreme Court affirmed the denial of Movant's second Rule 61 motion on August 25, 2022. *See id.*

### B. Request for Declaratory Judgment Against State of Delaware

In his "Notice of Declaratory Judgment" against the State of Delaware, Movant asserts that the State erroneously classified his 2007 felon-in-possession

5

conviction under 18 U.S.C. § 922(g) as a violent offense, which resulted in the Superior Court erroneously declaring him an habitual offender in 2017 and erroneously enhancing his state sentence. (D.I. 79 at 3) For relief, he requests a statement from the State of Delaware concerning its "legal authority" to classify his "non-violent" offense under 18 U.S.C. § 922(g)(1) to a "violent" offense for purposes of Delaware's habitual offender statute, and asserts that he will seek a default judgment and $10,000,000.01 in damages twenty days after the State responds to his request. (D.I. 79 at 3, 7-11) In his Notice of Fault and Opportunity to Cure, Movant reasserts his (1) request for $1,000,000 in damages; and (2) intent to have his Delaware sentence vacated and his indictment dismissed. (D.I. 84 at 1)

To the extent Movant's Notices challenge the Delaware Superior Court's jurisdiction to declare him an habitual offender and seek the dismissal of his indictment and sentence, the Court concludes that the Notices are more appropriately treated as a habeas petition pursuant to 28 U.S.C. § 2254. Therefore, the Court will direct the Clerk to open a new civil case with the construed § 2254 petition as the initial filing.

To the extent Movant seeks ten million dollars in damages from the State of Delaware, Movant has not properly presented the request in the instant federal criminal proceeding, nor can such a request be considered in his construed § 2254

6

proceeding. Movant must file a separate civil lawsuit pursuant to 42 U.S. § 1983 if he intends to seek monetary damages for an alleged constitutional violation. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004); *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973); *Heck v. Humphrey*, 512 U.S. 477, 485-86 (1994).

### C. Movant's Request for a Declaratory Judgment Against the United States

In his "Notice of Declaratory Judgment" against the United States, Movant asserts that the United States lacked jurisdiction to charge and/or indict him on charges of possession of a firearm by a person prohibited. (D.I. 80 at 2) For relief, he asks "to be provided with right, reason, and legal copies of the [United States'] legal jurisdiction [and/or] authority order to charge and indict Movant" with an offense within the State of Delaware's jurisdiction. (D.I. 80 at 3) Movant also seeks the dismissal of his federal indictment and vacation of his federal sentence. (D.I. 80 at 3) In his Notice of Fault and Opportunity to Cure, Movant reasserts his request that the Government prove its authority to indict him and seeks the dismissal of his federal indictment and vacation of his federal sentence if the Government fails to do so. (D.I. 83 at 1)

"A declaratory judgment is appropriate where it will: (1) clarify and settle legal relations in issue and (2) terminate and afford greater relief from the uncertainty, insecurity, and controversy giving rise to present action." *Am. Inst. for Chartered Prop. Cas. Underwriters v. Potter*, 2021 WL 431475, at *11 (D. Del.

7

Feb. 8, 2021). "Declaratory judgments [...] are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct." *Johnson v. McCuskey*, 72 F. App'x 475, 477 (7th Cir. 2003); *see also Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."). Here, Movant is not seeking "declaratory relief in the true legal sense" because he seeks a declaration from the Court that the Government violated his rights in the past rather than a declaration of the parties' rights in the future. *Corliss*, 200 F. App'x at 84. Thus, Movant is not entitled to declaratory relief.

To the extent Movant seeks to have his indictment dismissed and sentence vacated, Movant is challenging the validity of his 2007 conviction. Movant, however, cannot seek relief under 28 U.S.C. § 2255, because he is no longer in federal custody on his 2007 conviction.[2] *See, e.g., Pileggi v. United States*, 2022 WL 2375166, at *2 (M.D. Pa. June 30, 2022).

---

[2]The documents attached to Movant's Notice for Declaratory Judgment against the State demonstrates that Movant's sentence for his federal 2007 felon-in-possession conviction had completely expired by the time he filed the instant Notice for Declaratory Judgment against the United States. (D.I. 70 at 2-3); *see Johnson*, 2022 WL 3694880, at *1.

8

The Court acknowledges that it could liberally construe the Notices to be a petition for writ of error coram nobis.[3] The availability of coram nobis relief is limited to situations where the movant satisfies the following five prerequisites: (1) he is no longer in custody pursuant to the challenged conviction; (2) he suffers continuing consequences from the allegedly invalid conviction; (3) he provides sound reasons for not seeking relief earlier; (4) he had no available remedy at the time of trial; and (5) he asserts error of a fundamental kind. *See Ragbir v. United States*, 950 F.3d 54, 62 (3d Cir. 2020).

Movant does not allege sufficient facts to satisfy the aforementioned prerequisites. Nevertheless, out of an abundance of caution, the Court will dismiss the construed coram nobis request with leave to amend. If Movant intends to pursue coram nobis relief with respect to his 2007 federal conviction, he shall file an Amended Petition within twenty-eight days of the date of this Memorandum and Order.

An appropriate Order follows.

Dated: December 2, 2022

_____
United States District Court Judge

---

[3]Federal courts have authority to issue a writ of error coram nobis under the All Writs Act, which permits "courts established by an Act of Congress" to issue "all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651.